IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAUL P. ACOSTA,

        Plaintiffs,
vs.                                                   CIVIL NO.  09-0089 MV/GBW

EMT RESIDENTIAL, LLC., and
ET CONSULTANTS, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Protective Order. *Doc. 35*.  The Court has reviewed the pleadings and determined that no further argument or evidence is required.  *Docs. 35, 36, 37*.

A party may obtain discovery regarding any matter that is relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  According to rule 26(c) of the Federal Rules of Civil Procedure, a person or party, by whom discovery is being sought, may file a motion for protective order.  The court may grant a protective order when it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c); *See Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995).  It is the party seeking the protective order who has the burden to show good cause for a protective

order.  *See e.g., Penthouse International, Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 391 (2d Cir. 1981)("Where . . . the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause."); *Sanyo Laser Prods. v. Arista Records, Inc.*, 214 F.R.D. 496, 503 (S.D. Ind. 2003); *Stewart v. Mitchell Transp.*, No. 01-2546, 2002 U.S. Dist. LEXIS 12958, at *20 (D. Kan. July 11, 2002).  "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)(citations and internal quotations omitted).

"'[I]f a plaintiff has alleged sufficient facts to claim punitive damages against a defendant, information of the defendant's net worth or financial condition is relevant because it can be considered in determining punitive damages.'" *Roberts v. Shawnee Mission Ford, Inc.*, No. 01-2113-CM, 2002 U.S. Dist. LEXIS 9525, at *10 (D. Kan. February 7, 2002)(*quoting Aerotech Resources, Inc. v. Dodson Aviation, Inc.*, No. 00-2099, 2001 U.S. Dist. LEXIS 6021, at *2 (D. Kan. Apr. 11, 2001)). The party requesting the discovery generally does not need to "establish a prima facie case on the issue of punitive damages before it can obtain pretrial discovery of the other party's financial statements and tax returns." *Id.* at *10-11 (citation omitted).  The opposing party's interest in nondisclosure and confidentiality "can usually be adequately protected by a protective order restricting

2

dissemination of the documents and the information within." *Id.* at \*11 (citation omitted). "To discover a party's financial condition in light of a claim for punitive damages, requesting parties generally must show the claim for punitive damages is not spurious." *Id.* (citation omitted). A claim is not spurious if "sufficient facts have been alleged to make a claim for punitive damages." *Krenning v. Hunter Health Clinic, Inc.*, 166 F.R.D. 33, 34 (D. Kan. 1996).

In the instant case, Plaintiff has made a number of claims which, if proved, would permit the imposition of punitive damages. Defendants argue that each of these claims for one reason or another is spurious. While Defendants may obtain summary judgment on each of these claims, the Court does not agree that the Plaintiff has failed to even allege sufficient facts to make a claim for punitive damages. Consequently, Plaintiff's claims are not spurious and the Defendants' financial condition is discoverable.

The court, however, concludes that the discovery request is too broad. Plaintiff demands "[a]ny and all documents which set forth the financial state of Defendants as of year-end 2008 and current year-to-date, including but not limited to, income statements and balance sheets which indicate the current net worth of Defendants." *Doc. 35*, Ex. 1. This universe of documents, if taken literally, would be vast indeed. The most recent income statements and balance sheets should suffice to determine punitive damages. *See Audiotext Comm. Network, Inc. v. US Telecom, Inc.* 1995 WL 625962, \*4 (D. Kan., Oct. 5, 1995) ("All other financial information is irrelevant to determining punitive damages.")

3

Therefore, the Court will grant a protective order for all requested documents beyond the income statements and balance sheets from 2008 and 2009 to-date.

**IT IS ORDERED** that, the Court will deny Defendant's Motion for Protective Order as to its income statements and balance sheets from 2008 and 2009 to-date. The Court orders that the documents and the information contained therein be used only for purposes of this litigation. The Court will grant the Motion for Protective Order for all other documents requested in Request for Production of Documents No. 18. *Doc. 35*, Ex. 1.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.       4